# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC GREEN, | : | HABEAS CORPUS |
| BOP ID 11053-021, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-1305-TWT-CMS |
| D. DREW, Warden, | : | |
|     Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

In March 2017, federal inmate William Eric Green filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia and paid the $5 filing fee. *See* [1] & [2]. Because Green is challenging the execution of his sentence and he is incarcerated in the United States Penitentiary in Atlanta, Georgia, the Southern District transferred his § 2241 petition to this Court on April 11, 2017. *See* [3].

Green is scheduled to be released by the Federal Bureau of Prisons ("BOP") in April 2018. *See* [1] at 2. Per BOP policy, Green was considered for placement in a Residential Reentry Center ("RRC") for up to the final twelve months of his custodial sentence. *See id.* at *passim*. Green states that his Warden and Case Manager both recommended that he be placed in

an RRC for 270-365 days, but that a BOP official in Dallas, Texas declined to accept that recommendation and determined that he be placed in an RRC for only six months because, in her words, "'[n]o one gets more than six months.'" *Id.* at 1 & 4-5. Green complains that the Dallas BOP official did not speak to or consult with his Warden and Case Manager, and did not make the required individualized determination in his case. *See id.* at 5.

Green states that he "is aware of filing an administrative remedy, but it would be futile to do so due to the time frame." [1] at 2. By this, Green appears to mean he is seeking a judicial order on an expedited basis directing the BOP to send him to an RRC immediately, rather than in October 2017.

This case is assigned to the Honorable Thomas W. Thrash and was referred to me for preliminary review and entry of a Final Report and Recommendation. I note that Judge Thrash held in a case involving the designation of federal prisoners to Community Confinement Centers (the institutional predecessors to RRC's) that although "[t]here is no Eleventh Circuit case precisely on point," the "case law in close proximity weighs heavily in favor of requiring exhaustion of administrative remedies and that there is no futility exception." *Galaviz v. Zenk*, No. 1:07-CV-671-TWT,

2007 U.S. Dist. LEXIS 61698, at *2 (N.D. Ga. Aug. 20, 2007) (citing cases). And, in 2014, Judge Thrash extended his holding in *Galaviz* that there is "no futility exception" to the administrative remedy exhaustion requirement in § 2241 proceedings to include RRC cases, as well. *See Williams v. Keller*, No. 1:12-CV-316-TWT, 2014 U.S. Dist. LEXIS 69304, at *1 (N.D. Ga. May 20, 2014).

In each of these cases, Judge Thrash dismissed § 2241 petitions without prejudice to afford the prisoners an opportunity to first exhaust all available administrative remedies before seeking relief in court. This approach remains valid and appropriate in the wake of the United States Court of Appeals for the Eleventh Circuit's most recent published decision regarding the administrative exhaustion requirement in § 2241 cases. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 474 (11th Cir. 2015) (while "[i]t is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding," it "is still a requirement").

Because Green has acknowledged that he has not yet exhausted all available administrative remedies and because Judge Thrash has consistently declined to find a "futility exception" in the past in § 2241

3

cases, I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

If this case is dismissed without prejudice, Green may refile his § 2241 petition–if necessary–after first exhausting all available administrative remedies.

I **DIRECT** the Clerk to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 17th day of April, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE